United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40956
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR JAVIER MARTINEZ-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-23-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Oscar Javier Martinez-Martinez (Martinez) appeals the
sentence imposed following his guilty-plea conviction for illegal
entry. Martinez argues that the district court erred by imposing
a two-level upward adjustment to his sentence for obstruction of
justice and denying a two-level downward adjustment for
acceptance of responsibility. Martinez contends that the
obstruction of justice adjustment was based on facts to which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not admit, which were not found by a jury beyond a reasonable doubt, and which were not charged in the indictment.

Because Martinez raises these issues for the first time on appeal, we review only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). We may correct forfeited errors only when: (1) there is an error, (2) that is clear or obvious, and (3) that affects the appellant's substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

During the pendency of this appeal, the Supreme Court held in United States v. Booker, 125 S. Ct. 738, 756 (2005), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Accordingly, application of the adjustment for obstruction of justice constitutes error under Booker and that error is now plain in light of Booker. Even if we assume, arguendo, that the district court also committed Booker error by denying a downward adjustment for acceptance of responsibility, Martinez has not met the third prong of the plain error test because he has made no showing that he would have received a lesser sentence had the district court sentenced him under an

advisory application of the sentencing guidelines.  See United States v. Holmes, 406 F.3d 337, 365-66 (5th Cir. 2005).

AFFIRMED.